UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

INTERNATIONAL ALLIANCE
OF THEATRICAL STAGE EMPLOYEES                 Case No. 3:13-cv-259
LOCAL NO. 66, *et al.*,

     Plaintiffs,                                   Judge Timothy S. Black

vs.

DOWNTOWN REVIVAL, LLC,

     Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR
JUDGMENT BY DEFAULT (Doc. 9)**

     This civil action is before the Court on Plaintiffs' motion for judgment by default

against Defendant Downtown Revival.  (Doc. 9).  Defendant did not respond.

**I.    PROCEDURAL HISTORY**

     Plaintiffs filed their Complaint on August 6, 2013.  (Doc. 1).  Defendant was

served on August 9, 2013, but failed to answer on or before October 8, 2013.  (Doc. 4).

Therefore, Defendant is in default.  On October 17, 2013, the clerk entered default.

(Doc. 7).  Subsequently, Plaintiffs filed the instant motion for default judgment.  (Doc. 9).

**II.    STANDARD OF REVIEW**

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2).  Following

the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application

for default under Rule 55(b), "the complaint's factual allegations regarding liability are

taken as true, while allegations regarding the amount of damages must be proven."

*Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## III.    ANALYSIS

Plaintiff International Alliance of Theatrical Stage Employees Local No. 66 ("Union") is a labor organization which represents employees for the purpose of collective bargaining. One of the benefits for employees belonging to this Union is the payment of wages, fringe benefits by signatory employers into a pension fund, a retirement savings fund, and an insurance fund pursuant to the requirements of the collective bargaining agreement (the "Contract") between the Union and signatory employers. (Doc. 1, Ex. 1). The value of the labor performed by the members of the Plaintiff Union is evidenced by a contract signed by Matthew Luongo, acting as an apparent agent for the Defendant. (*Id.*)

Plaintiffs International Alliance of Theatrical Stage Employees Local No. 66 Pension Fund and International Alliance of Theatrical Stage Employees Local No. 66

2

Health & Insurance Fund (the "Funds") are multi-employer benefit plans which administer the money paid into them by various employers.   In accordance with the terms of the Contract, Plaintiffs and members, agents, and officers thereof, conferred a benefit upon the Defendant by performing labor and services during the period beginning on September 6, 2012 and ending on September 10, 2013.  Plaintiffs submitted to the Defendant an Invoice dated September 11, 2012 for the cost of labor, service charge, Pension Fund contributions, and Insurance Fund contributions.  (Doc. 1, Ex. 2). Defendant accepted the benefit conferred upon it by the Plaintiffs to the Plaintiffs' detriment.  Plaintiffs' claims are offset by a one-time payment of $10,000.00 from the Defendant.  The balance remains due and owing to the Plaintiffs.

Specifically, Defendant failed to make payment for all hours worked by certain members of the Plaintiff Union during the month of September, 2012.  Defendant is indebted to the Plaintiff Union in the amount of $23,703.48, less the one-time $10,000.00 payment received by the Plaintiffs, or $13,703.84.  (Doc. 1, Ex. 2).  Additionally, the Contract and Invoice include the cost of the negotiated service charge of twenty-percent (20%) of the total cost of labor, or $4,740.77.  (*Id*.)  Plaintiff Union suffered damages totaling $4,740.77 for all payroll processing fees, including but not limited to unemployment insurance, social security, worker's compensation, payroll expenses, office expenses, and other costs relating to the labor performed in accordance with the Contract.  (*Id*.)  This amount remains due and owing from the Defendant to the Plaintiffs.

Additionally, Plaintiffs are entitled to interest on the unpaid contributions at a rate provided for by law, an additional amount equal to the greater of the interest on the

unpaid contributions or twenty percent (20%) of the unpaid contributions, attorney's fees, costs of this action and other expenses of collection, all provided for by ERISA § 502(g), 29 U.S.C. § 1132(g).[1]  Defendant is indebted to the Pension Fund in an amount of $1,422.23 and the Health Fund in an amount of $1,896.31.  Plaintiffs have incurred attorney fees totaling $2,859.00 and costs of $400.00 in this action.  (*See* Doc. 9, Ex. 1).

Plaintiff Union is entitled to recover the cost of labor and services provided by the Union through its members.  Therefore, as set forth above, Defendant owes Plaintiff Union damages as follows:

**Value of Labor: $13,703.84**
**Unpaid Payroll Expenses: $4,740.77**

Defendant owes to Plaintiff Pension Fund and Plaintiff Health & Insurance Fund the following amounts:

---

[1] ERISA §502(g)(2) provides:
In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to the greater of --
    (i) interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).  The language of 29 U.S.C. §1132(g)(2) is mandatory.  Once liability for delinquent contributions is determined, the court shall award the damages set forth in this section.  *Michigan Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 389 (6th Cir. 1991).

**Unpaid Contributions: $3,318.54**
**Liquidated Damages: $663.71**
**Costs and Attorney Fees: $3,259.00**

## IV.    CONCLUSION

Wherefore, as evidenced in Plaintiffs' exhibits and as set forth here, Plaintiffs'

damages are as follows:

> Value of Labor: $13,703.84
> Unpaid Payroll Expenses: $4,740.77
> Liquidated Damages: $663.71
> Unpaid Contributions: $3,318.54
> Costs and Attorney Fees: $3,259.00
> **TOTAL: $25,685.86**

Accordingly, Plaintiffs' motion for judgment by default (Doc. 9) is hereby

**GRANTED** against Downtown Revival, LLC in the total amount of $25,685.86.

Additionally, Plaintiffs are awarded ongoing interest in the amount of 12% per annum

until paid in full.

**IT IS SO ORDERED**.

Date:  1/3/14                              _/s/ Timothy S. Black_
                                          Timothy S. Black
                                          United States District Judge